**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE WOOSTER BRUSH COMPANY** | ) | **CASE NO. 5:06 CV 474** |
| | ) | |
| Plaintiff, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **BERCOM INTERNATIONAL LLC** | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER**

Upon joint motion of counsel for a protective order, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby ORDERED that:

WHEREAS, The Wooster Brush Company ("Wooster Brush") and Bercom International LLC ("Bercom") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Wooster Brush and Bercom (the "lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, marketing, financial or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed that a Protective Order pursuant to Rule 26(c) is necessary in this case to prevent unnecessary disclosure or dissemination of such confidential information;

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Agreed Protective Order (hereafter "Order") shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1. A party may designate information or documents produced, used, or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "ATTORNEYS ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other party, or orally if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order. Information and documents that a party believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to obligations to third parties or that if disclosed would tend to damage the party's competitive position, may be designated as "CONFIDENTIAL." Information and documents that a party believes contain or refer to trade secrets or other confidential research, development, business, or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "ATTORNEYS ONLY."

2. Information designated as confidential or attorneys only pursuant to this Order shall be used solely for purposes of this litigation and shall not be made public by any receiving party nor otherwise disclosed or disseminated beyond the extent allowed by this Order.

3. Information will be designated as confidential under this Order only where the producing party in good faith believes that the information is or contains a trade secret or other confidential research, development, marketing, or proprietary commercial information.

4. "Qualified person(s)" as used herein means:

   a. In-house attorneys for the parties to this litigation, and employees of such attorneys to whom the disclosure of confidential information is necessary for purposes of this litigation;

   b. Attorneys of record for the parties to this litigation, and employees of such attorneys to whom the disclosure of confidential information is necessary for purposes of this litigation, except that an attorney who performs patent preparation and prosecution services for a party to this proceeding may not review "attorneys only" information.

   c. Actual or potential independent experts or consultants who have signed a Declaration in the form of <u>Exhibit A</u> hereto (such signed document to be kept by counsel for the party retaining such person and provided upon request to counsel for the other parties);

   d. Not more than 4 employees of the receiving party provided that:

      (i) such disclosure is needed to assist in the prosecution or defense of this action;

      (ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and

      (iii) before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 8 must be followed;

   e. Service bureaus (as that term is herein defined):

3

"Service bureau" means a company that

(i) is independent of the parties, but a company will not be deemed non-independent solely because it does business, regularly or irregularly, with a party;

(ii) is engaged by counsel of record to perform clerical-type services in connection with this litigation (e.g., photocopying, imaging, computer data entry, preparation of exhibits, and the like); and

(iii) has executed an undertaking to be bound by the provisions of this Order in substantially the form of Exhibit A attached hereto, including the specific undertaking to instruct its employees who have access to "confidential" information or documents about their duty not to use or disclose such information or documents.

f. The Court and its personnel in any further proceedings in this lawsuit.

5. In the case of documents produced in this lawsuit, such may be designated by any party or parties as "confidential" or "attorneys only" by marking each page of the document(s) so designated with a stamp stating "confidential" or "attorneys only." The producing party may mark the copies produced or exchanged in lieu of marking the original document from which the copy was made, but shall preserve the originals for inspection, if necessary.

6. In the case of information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purposes of this litigation, or (b) the deposition of a third party (for information that pertains to that party) such information may be designated by any party as "confidential" or "attorneys only" information by indicating on the record at the deposition that the testimony is "confidential" or "attorneys only" information, at which such information was disclosed, and is subject to this order. The Parties to this Order anticipate that depositions in this case will be taken using real-time transcription. Accordingly, a party may, within 10 business days of a deposition, designate information disclosed at such deposition as "confidential" or "attorneys

4

only" by notifying all parties in writing, of the specific pages and lines of the transcript that should be treated as "confidential" or "attorneys only" information after receipt of the notice. In the event that real-time transcription is not used or available, the Parties to this Order will meet and confer to allow for corrections or modifications to how such information may be designated, if needed. To the extent possible, the court reporter shall segregate into separate transcripts, information designated as "confidential" or "attorneys only," with blank, consecutively numbered pages provided in a non-designated main transcript. The separate transcript containing "confidential" or "attorneys only" information shall have page numbers that correspond to the blank pages in the main transcript.

7. The provisions of this Order also apply to information obtained from third parties, either directly or indirectly, where an obligation of confidence pertaining to such information exists between such third party and any party to this lawsuit.

8. Information designated as "confidential" shall not be disclosed or made available by any receiving party to persons other than Qualified Persons described by Paragraphs 4(a), (b), (c), (d), (e) and (f). Information designated as "attorneys only" shall not be disclosed or made available by any receiving party to persons other than the Qualified Persons described by paragraphs 4(b), (c), (e) and (f) above. Copies of "confidential" or "attorneys only" information provided to a receiving party shall be maintained in the offices of counsel for the receiving party, except that copies may be provided by such counsel to a Qualified Person as described and/or limited above. Any such Qualified Person who receives information marked "confidential" or "attorneys only" under this Order may make working copies of such information, but must ensure that the protections set forth in this order are maintained with respect to all such copies. Copies of documents produced pursuant to this Order may be made, or exhibits prepared by an

independent "service provider" (as defined in Paragraph 4(e), including copy services, printers, or illustrators only for purposes of this litigation).

9. Documents produced prior to the agreement of all parties to the provisions of this Order may be retroactively designated as "confidential" or "attorneys only" by written notice identifying the specific document(s) to be designated (by, e.g., any sequential number assigned to the document(s) at the time of production) within five (5) days of the effective date of this order. Documents unintentionally or inadvertently produced without any designation may be retroactively designated in the same manner. All documents retroactively designated as "confidential" or "attorneys only" shall be treated as such by the receiving party from the date written notice of the retroactive designation is received.

10. Documents to be inspected shall be treated as "confidential" during the inspection, unless designated, orally or in writing, as "attorneys only" information before or during the inspection.

11. Nothing in this Order shall prevent the disclosure of information designated as "confidential" or "attorneys only" by or with the consent of the party by whom such designation was made, or pursuant to an order of the Court after notice to all affected parties. Nor shall any provision of this Order prevent any counsel of record from using "confidential" or "attorneys only" information in the examination or cross-examination of any person who is indicated by such information to be an author, source or recipient thereof, nor to anyone whom counsel reasonably believes had prior access to such information, regardless of which party produced such information, so long as the only persons present for such examination or cross-examination (other than the witness) are permitted to receive such information under Paragraph 8 of this Order. Moreover, nothing in this Order shall prevent any counsel of record from utilizing

"confidential" or "attorneys only" information in the examination or cross-examination of an employee of the designating party, an individual who has access to the information in his/her employment, such as a secretary, file manager or the like, or a person otherwise qualified to inspect or receive such information under this Order, so long as the only persons present for such examination or cross-examination (other than the witness) are permitted to receive such information under Paragraph 8 of this Order.

12. A receiving party shall not be obligated to challenge the propriety of a designation as "confidential" or "attorneys only" at the time such designation is made, and a failure to do so shall not preclude any subsequent challenge to such designation. In the event a receiving party disagrees, at any stage of this litigation, with the designation made by the designating party, or the designation of any person as a Qualified Person, the parties shall first try to resolve the dispute in good faith and informally, such as through the production of redacted copies. If the dispute cannot be so resolved, the objecting party may move the Court to remove or change the designation applied to the information by the producing party; however, the designating party shall bear the burden to prove that the designation applied to the information was appropriate.

13. The parties may provide for exceptions to this Order by stipulation and any party may apply to the Court for a modification of this Order.

14. In the event a party wishes to use "confidential" or "attorneys only" information in any affidavit, brief, memorandum or other paper to be filed with the Court in this litigation, such information shall be filed under seal with the Court, conspicuously labeled to reflect that the material filed "contains confidential (or attorneys only) information subject to protective order." The Clerk of this Court is directed to maintain under seal all documents and transcripts (or excerpts) of testimony, discovery responses and other materials filed under seal with the Court,

which have been designated, in whole or in part, as "confidential" or "attorneys only" information in this case.

15. Unless otherwise agreed by all affected parties in writing, or unless otherwise ordered by the Court, all proceedings involving or relating to "confidential" or "attorneys only" documents or information shall be subject to the provisions of this Order.

16. Within ninety (90) days after conclusion of this litigation, including any appeals, any documents produced by a party and in the possession of any of the persons qualified under paragraphs 4(a)-4(e), shall either be returned to the producing party at its request or destroyed by the receiving party(ies), except as the Court may otherwise order or to the extent the information was used as evidence or otherwise filed with the Court.  Each counsel of record for a party may retain one (1) copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "confidential" or "attorneys only" for archival purposes only, but shall destroy or return all other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts.  Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 16 have been completed. The restrictions of this Order concerning the use and disclosure of "confidential" and "attorneys only" information shall remain effective after conclusion of this litigation, except that a party may seek the written consent of the producing party or order of the Court to dissolve or modify the provisions of this Order.

17. Any person, business or entity that is not a party to this lawsuit may designate documents or information as "confidential" or "attorneys only" under the terms of this Order when providing documents or information requested by a party during the course of this lawsuit.

18. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

19. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by either party of any information or documents that are currently in the party's lawful possession, custody, or control, that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the lawsuit or bound by this or a comparable Order or obligation; that is or shall have become public knowledge through no fault of the party having the obligation of confidentiality; or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the document or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other party to afford that party the opportunity to seek legal protection from the disclosure of such information or documents.

20. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may, after first attempting to resolve the dispute with the other party, apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this

Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

21. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either party that any information or document designated as "CONFIDENTIAL" or "ATTORNEYS ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party.  Neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in the lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this lawsuit.

22. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing via facsimile, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same.  Upon learning of any such inadvertent disclosure, the producing party shall supplements its disclosure to the receiving party by providing sequentially numbered "replacement pages", if the production is so numbered, or otherwise identify or conspicuously label the subject disclosure as containing "replacement page(s) – intentionally left blank."   Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon written request.  No use may be made of such documents subsequent to the request to return them.  Nothing in this Order shall prevent either party from requesting that the Court order the production of any such inadvertently produced documents.  Nothing in this Order prevents either party from petitioning the Court for

return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

23. This Order shall be without prejudice to the right of any party:

a. To have determined by motion, at any time, whether any documents or information have been improperly designated as confidential, in which event, the party making the assertion of confidentiality shall have the burden of establishing the non-confidentiality of the documents or information; and

b. To apply to the Court for relief from any of the requirements hereof, for good cause.

24. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

Signed the ____ day of _____, 2008.

_____
United States District Judge

Agreed and Entry Requested:

| | |
|---|---|
| /s/  *Philip R. Wiese* | */s/ Thomas J. Collin* |
| Philip R. Wiese, Esq. #0067058 | Thomas J. Collin #0023770 |
| Buckingham, Doolittle & Burroughs, LLP | Jennifer S. Roach #0074143 |
| 3800 Embassy Parkway, Suite 300 | Thompson Hine LLP |
| Akron, Ohio  44333-8332 | 3900 Key Center |
| (330) 376-5300 | 127 Public Square |
| (330) 258-6559 (facsimile) | Cleveland, Ohio  44114-1291 |
| Email: pwiese@bdblaw.com | (216) 566-5500 |
| | |
| Thomas E. O'Connor Jr. #0013221 | Of Counsel: |
| Mark J. Skakun, Esq. #0023475 | John H. Hinderaker (Atty. No. 45305) |
| Buckingham, Doolittle & Burroughs, LLP | Chad Drown (Atty. No. 319053) |
| 4518 Fulton Drive NW | 2200 Wells Fargo Center |
| P. O. Box 35548 | 90 South Seventh Street |
| Canton, Ohio   44735-5548 | Minneapolis, MN 55402-3901 |
| (330) 492-8717 | (612) 766-7700 |
| (330) 492-9625 (facsimile) | |
| Email:  toconnor@bdblaw.com | |
|          mskakun@bdblaw.com | |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| The Wooster Brush Company | Bercom International LLC |

## **EXHIBIT A**

DECLARATION OF _____   <u>(Name of Declarant)</u>

I, _____, declare as follows:

1. My address is _____

_____.

2. If I am a party's expert, investigator, or advisor, a copy of my curriculum vitae is attached.

3. My present employer is _____

located at _____

_____.

4. My present employer \_\_\_\_ is/ \_\_\_\_\_ is not a "service bureau" as that term is defined in paragraph 4(e) of the Agreed Protective Order.

5. My present occupation or job description is _____

_____.

6. I received a copy of the Agreed Protective Order entered in this action on or about _____.

6. I have carefully read and understand the provisions of the Agreed Protective Order.

7. I will comply with all of the provisions of the Agreed Protective Order.

8. I will hold in confidence, not disclose to anyone not designated in the Agreed Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this lawsuit, any information or documents designated as "CONFIDENTIAL" or "ATTORNEYS ONLY."

13

9. I will return all documents designated as "CONFIDENTIAL" or "ATTORNEYS ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for either party to this lawsuit, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Agreed Protective Order and of the terms of this Declaration.

    I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _____.(Date)

    _____
    (Signature)

«CT2:599053_v1»